(43 App. Div. 155.)

PEOPLE v. MORAN.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. APPEAL—CONFLICTING EVIDENCE—CONVICTION.
    In a criminal prosecution, where accused gives evidence in his own behalf materially different from that introduced by the prosecution, and the case is fairly submitted to the jury, in a charge to which no exception is taken, a verdict of guilty will not be disturbed on appeal.

2. LARCENY—FALSE PRETENSES—INDICTMENT.
    Under Pen. Code, § 528, providing that a person who, with intent to deprive or defraud the true owner of his property, or to appropriate the same to the use of the taker or any other person, obtains from the possession of the true owner, by color or aid of fraudulent or false representation or pretense, or appropriates to his own use, or that of any person other than the true owner, any property, is guilty of larceny, an indictment that charges that accused and one F. "did feloniously receive and obtain * * * personal property from the possession of said co-partners [the true owners] by color and by aid of said false and fraudulent pretenses and representations aforesaid [previously set out], with intent to deprive said co-partners of the same, and of the use and benefit thereof, and to appropriate the same to their own use," is sufficient.

3. APPEAL—SUFFICIENCY OF INDICTMENT.
    Where accused proceeds to trial upon an indictment without objection, and there is evidence sufficient to sustain a conviction, he will not be allowed on appeal to raise a question as to the sufficiency of the indictment.

Appeal from court of general sessions, New York county.

John Moran was convicted of larceny in the first degree in the court of general sessions of the peace, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, McLAUGHLIN, and INGRAHAM, JJ.

Rollin M. Morgan, for appellant.

Alfred Lauterbach, for the People.

INGRAHAM, J. The defendant was indicted for larceny in the first degree, under sections 528 and 530 of the Penal Code. The evidence produced by the people tended to show that the defendant, who was in the employ of the firm of E. Eising & Co., in combination with one Thomas E. Flannery, who was jointly indicted with the defendant, obtained from such firm of E. Eising & Co. certain goods, of the value of $718, under the device of a sale thereof to one Patrick J. Flannery, and that the defendant represented to the firm of E. Eising & Co. that said Patrick J. Flannery was a responsible person. It subsequently appeared that there was no such person as Patrick J. Flannery; that the goods were delivered at a saloon owned or controlled by Thomas E. Flannery; that immediately after the delivery of the goods they were removed from the saloon and disappeared,

and thus the property of the complainants, of the value of $718, was obtained "by color or aid of fraudulent or false representation or pretense." The evidence that this defendant joined in this fraud, and procured the complainants to ship the goods as sold to this fictitious person, justified the conclusion of the jury that he was guilty of the crime charged. The defendant was called as a witness in his own defense, and gave his account of the transaction, which differed materially from the evidence given by the witness for the prosecution; but the question upon the evidence was one of fact for the jury, and it was submitted to them in a charge to which no objection was made or exception taken, and which fairly submitted to the jury the question which they were to determine, and their verdict is conclusive.

The defendant also objects to the indictment as not sufficient within section 528 of the Code. That section provides that:

"A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, either (1) takes from the possession of the true owner, or of any other person; or obtains from such possession by color or aid of fraudulent or false representation or pretense, * * * or secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property, * * * or articles of value of any kind * * * steals such property, and is guilty of larceny."

The indictment here distinctly charged that this defendant, with Thomas E. Flannery, induced, by means of false and fraudulent representations, the complainants to deliver the property therein described to the defendant and Thomas E. Flannery. It was not necessary, to constitute the crime of larceny, to establish that this defendant received the property; but it was sufficient if the complainant was defrauded of the property by false and fraudulent representations made by the defendant with intent to deprive or defraud the true owner thereof, and to appropriate the same to the use of the taker or of any other person. What was necessary to be alleged in the indictment was that the defendant, with intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker or of any other person, obtained from the owner the possession of his property by "color or aid of fraudulent or false representation or pretense." This indictment expressly charges that the defendant and the said Thomas E. Flannery did "feloniously receive and obtain the said moneys, goods, chattels, and personal property from the possession of the said co-partners by color and by aid of the said false and fraudulent pretenses and representations aforesaid, with intent to deprive the said co-partners of the same, and of the use and benefit thereof, and to appropriate the same to their own use." We think that the indictment was sufficient to charge the defendant of the commission of a crime, within section 528 of the Penal Code. There was no objection, however, made upon the trial to the indictment, or that it was insufficient to charge a crime, within the section specified. The defendant proceeded to trial upon this indictment without objection, and, as there was evidence sufficient to sustain a finding of the jury that the crime charged was committed, the defendant should not be allowed upon appeal for the first time to raise a question as to the suf-

ficiency of the indictment. We think the evidence justified the jury in finding the defendant guilty, and that no error was committed upon the trial which requires a reversal of the judgment.

The judgment appealed from is affirmed. All concur.